IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
MAR 16 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:10CR202–HEH
)
JABARA L. THREAT )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Jabara L. Threat, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 46) to vacate, set aside, or correct his sentence.

In his § 2255 Motion and supporting memorandum ("Memorandum in Support of § 2255 Motion," ECF No. 47), Threat requests relief on the ground that "the district court applied a two-level enhancement to Threat's guideline range, after finding that his criminal conduct constituted 'reckless endangerment' pursuant to [United States Sentencing Guidelines ("USSG")] § 3C1.2."[1] (*Id.* at 2 (spacing corrected).) Threat claims this enhancement "is violative of his Sixth Amendment rights under *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013),] . . . ." (*Id.* at 3.) For the reasons stated herein, the Court will dismiss Threat's claim.

---

[1] This provision requires a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer . . . ." USSG § 3C1.2 (2010).

## I. Procedural History

On July 13, 2010, a grand jury indicted Threat for possession of a firearm by a felon (Count One) and possession of marijuana (Count Two). (Indictment, ECF No. 1, at 1.) On September 29, 2010, Threat waived indictment and agreed to plead guilty to Count One. (Plea Agreement, ECF No. 21, at ¶ 1.) The Probation Officer calculated Threat's offense level total as 23, and his criminal history category as VI, (*see* Pre-Sentence Report ("PSR") ¶¶ 77–78), yielding a guideline range of 92 to 115 months (*id.* ¶ 79; *see* Jan. 11, 2011 Tr. 6). Threat's offense level included a two-level enhancement for reckless endangerment during flight pursuant to USSG § 3C1.2. (PSR ¶ 17; *see* Jan 11, 2011 Tr. 12.) On January 11, 2011, the Court sentenced Threat to 96 months of incarceration. (J., ECF No. 29, at 1–2 .)

The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment on September 1, 2011. *United States v. Threat*, 445 F. App'x 700, 702 (4th Cir. 2011).

## II. Analysis

In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). 133 S. Ct. at 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163. The Supreme Court's decision in *Alleyne*, however, "did not disturb judicial factfinding at sentencing for facts that do not impact statutory punishment." *United States v. Mason*, 547 F. App'x 235, 236 (4th Cir. 2013) (unpublished) (citation omitted).

2

Because Threat challenges the "judicial fact-finding that produced a determination Threat was guilty of reckless engenderment" pursuant to USSG § 3C1.2, *Alleyne* provides him no relief. (Mem. Supp. § 2255 Mot. at 2.) Accordingly, Threat's claim will be dismissed and his § 2255 Motion will be denied.

### III. Conclusion

The § 2255 Motion will be denied, and the action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Threat has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
Henry E. Hudson
United States District Judge

Date: March 16, 2015
Richmond, Virginia

3